SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| RICHARD BERGER, for himself and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>- against -<br><br>NEW YORK UNIVERSITY,<br><br>                        Defendants. | Civil Action No.:<br><br>**SUMMONS** |

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED and required to submit to the attorneys of Plaintiffs your answering papers to the Complaint in this action within 30 days after service of this summons. In case of your failure to submit answering papers, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
           December 11, 2018

                                          **VIRGINIA & AMBINDER, LLP**

                                          By:    _s/ Lloyd Ambinder, Esq._
                                                      Lloyd Ambinder, Esq.
                                                      James Emmet Murphy, Esq.
                                                      Virginia & Ambinder, LLP
                                                      40 Broad Street, 7th Floor
                                                      New York, New York 10004
                                                      Tel: (212) 943-9080

                                                      *Attorneys for Named Plaintiff and the putative class*

To:
New York University
70 Washington Square South,
New York, NY 10012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RICHARD BERGER, for himself and on behalf of all others similarly situated,

                              Plaintiffs,

- against -

NEW YORK UNIVERSITY,

                              Defendants.

Civil Action No.:

**CLASS ACTION COMPLAINT**

Named Plaintiff Richard Berger ("Named Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by their attorneys, and for their Complaint against Defendant New York University (collectively "Defendants"), allege as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the New York Labor Law ("NYLL") §§ 663, 198, and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2 to recover unpaid overtime compensation owed to Named Plaintiff, and all similarly situated persons who are presently or were formerly employed by Defendants.

2. At all times relevant to this litigation, Defendants engaged in a policy and practice of requiring Named Plaintiffs and members of the putative class to regularly work over forty (40) hours in a week without paying them all earned overtime wages at a rate of one and one-half times their regular hourly wage.

3. The Named Plaintiff has initiated this action on his own behalf, and on behalf of all similarly situated employees, seeking overtime compensation that Named Plaintiffs and all similarly situated employees were deprived of, plus interest, attorneys' fees, and costs.

### THE PARTIES

4. Named Plaintiff Berger is an individual residing in the State of New York who worked for Defendants as a security guard.

1

5. Upon information and belief, Defendant New York University is an education corporation organized and existing under the laws of the State of New York with a principal place of business at 70 Washington Square South, New York, NY 10012.

## CLASS ALLEGATIONS

6. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

7. This action is brought on behalf of the Plaintiffs and a class consisting of each and every other person who performed work as security guards and in other related trades for Defendants at any time between December 2012 and the present.

8. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 individuals. In addition, the names of all potential members of the putative class are not known.

9. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

10. The claims of the Plaintiff are typical of the claims of the putative class.

11. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

12. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

2

## FACTS

14. Plaintiff Berger and other similarly situated individuals work as security guards for Defendants at various locations in New York City.

15. Defendant constitutes Plaintiff's and other similarly situated individuals' employer for purposes of the New York Labor Law and its implementing regulations.

16. Before appearing at their assigned security post at the beginning of each shift, Plaintiff and others similarly situated are required to go to a designated locker room, change into a uniform, and assemble with other security guards. Only then would Plaintiff and, upon information and belief, others similarly situated, be allowed to travel to their assigned security post, which is almost always in a different building from the locker room.

17. At the end of each shift, Plaintiff and others similarly situated are required to wait for relief guards to replace them at their designated security post, and then to travel back to the locker room, change out of their uniform, and store the uniform before they can leave Defendants' facilities.

18. Plaintiff and, upon information and belief, all others similarly situated, are not paid for all time between first appearing at their designated locker room building and the beginning of their scheduled shift at their assigned security post; or for all time between the end of their scheduled shift at their assigned security post, and the time they are able to leave the designated locker room building.

19. The time spent by Plaintiff and others similarly situated between first appearing at the designated locker room building and the beginning of their scheduled shift at the assigned security post, along with the time spent by Plaintiff and others similarly situated between the end of their designated shift and the time they leave the designated locker room building after changing

3

and storing their uniform, constitutes compensable work time pursuant to the New York Labor Law and the regulations implementing same.

## FIRST CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

20. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

21. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate" for hours worked in excess of 40 hours in one workweek.

22. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

23. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

24. Named Plaintiff and members of the putative class are employees, within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

25. Named Plaintiffs and members of the putative class worked more than forty (40) hours per week while working for Defendants.

26. Named Plaintiffs and members of the putative class did not receive all earned overtime compensation for hours worked after the first forty (40) hours in a week.

27. By the foregoing reasons, Defendants have violated NYLL § 663 and 12 NYCRR § 142-2.2, and are liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

4

## SECOND CAUSE OF ACTION
## <u>FAILURE TO PAY WAGES</u>

28. Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

29. At all relevant times, Named Plaintiffs and members of the putative class have been employees within the meaning of NYLL § 190, et seq., and any supporting New York State Department of Labor regulations.

30. At all relevant times, Defendants have been employers within the meaning of NYLL § 190, et seq., and any supporting New York State Department of Labor regulations.

31. Defendants failed to pay Named Plaintiffs and members of the putative class their hourly wage for all hours worked in accordance with the agreed upon terms of their employment.

32. Unpaid time worked includes, but is not limited to, time spent changing in the locker room, time spent assembling before each shift, time spent waiting for relief workers to appear at the end of each shift, and time spent travelling between the designated locker room building and the assigned security post.

33. Due to Defendants' violations of the NYLL, Plaintiffs and members of the putative class are entitled to recover an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Named Plaintiffs and putative class members demand judgment:

1. on their first cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

2. On their second cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

3.   any other and further relief the Court may deem just and proper.

Dated: New York, New York
December 11, 2018

      VIRGINIA & AMBINDER, LLP

By:   s/Lloyd Ambinder, Esq.
    Lloyd Ambinder, Esq.
    James Emmet Murphy, Esq.
    Virginia & Ambinder, LLP
    40 Broad Street, 7th Floor
    New York, New York 10004
    (212) 943-9080

*Attorneys for Named Plaintiff and the putative class*

6