UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD BERGER, for himself and on behalf of all others similarly situated,<br><br><div align="right">Plaintiffs,</div><br><div align="center">-against-</div><br>NEW YORK UNIVERSITY,<br><br><div align="right">Defendants.</div> | Civ. No.: 19-CV-00267 (JPO)<br><br>New York County Supreme Index No. 161553/2018 |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFFS' MOTION TO REMAND

VIRGINIA & AMBINDER, LLP
James E. Murphy, Esq.
Alanna R. Sakovits, Esq.
40 Broad St., 7th Floor
New York, New York 10004

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 3

I.      Plaintiffs' Action Must be Remanded, as Plaintiff's Claims are Not Preempted by
        Section 301 of the LMRA and There is No Basis for Federal Jurisdiction ........................ 3

        a.      Plaintiffs' Claims are Not Preempted by Section 301 of the LMRA ..................... 5

                i.      Plaintiffs' Claims are Not Preempted by Section 301 as They Do Not
                        Require Interpretation of a CBA ................................................................. 7

                ii.     The Authority Relied Upon by Defendant is Inapplicable and Has Been
                        Rejected by Courts in Nearly Identical Actions ........................................ 14

                iii.    Defendant's Defenses Regarding Arbitration and Grievance Procedures
                        Do Not Confer a Basis for Federal Jurisdiction ........................................ 18

CONCLUSION .................................................................................................................. 20

<u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                    <u>PAGE</u>

*Almanzar v. C & I Assocs.*,
175 F. Supp. 3d 270 (S.D.N.Y. 2016)....................................................................8

*Anwar v. Fairfield Greenwich Ltd.*,
676 F. Supp. 2d 285 (S.D.N.Y. 2009)....................................................................3

*Bellido—Sullivan v. American International Group, Inc.*,
123 F. Supp. 2d 161 (S.D.N.Y. 2000)....................................................................3

*Blockbuster, Inc. v. Galeno*,
472 F.3d 53 (2d Cir. 2006)....................................................................................3

*Bowen v. Baldwin Union Free Sch. Dist.*,
2018 U.S. Dist. LEXIS 151204 (E.D.N.Y. 2018)...................................................8

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987)..................................................................................*passim*

*Cavalotti v. Daddyo's BBQ, Inc.*,
2018 U.S. Dist. LEXIS 154918 (E.D.N.Y. Sept. 8, 2018)......................................8

*Chu v. Chinese-American Planning Council Home Attendant Program, Inc.*,
194 F. Supp. 3d 221 (S.D.N.Y. 2016)..........................................................*passim*

*Coley v. Vannguard Urban Improvement Ass'n*,
2018 U.S. Dist. LEXIS 50787, 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018).............8

*Cromwell v. New York City Health & Hospitals Corp.*,
983 F. Supp. 2d at 271 (N.D.N.Y. March 2, 2015)................................................8

*Dall v. Albertson's, Inc.*,
234 F. App'x 446 (9th Cir. 2007) ........................................................................19

*Denoyer v. PMI Sec. Prot., Inc.*,
2018 U.S. Dist. LEXIS 11700, 2018 WL 1738217 (S.D.N.Y. Jan. 23, 2018) ..............8

*Diaz v. Amedeo Hotels Ltd. P'ship*,
2016 U.S. Dist. LEXIS 41453, 2016 WL 1254243 (E.D.N.Y. Mar. 29, 2016)...................6, 9, 14

*Foy v. Pratt & Whitney Grp.*,
127 F.3d 229 (2d Cir. 1997)........................................................................4, 6, 19

*Gregory v. Stewart's Shops Corp.*,
2015 U.S. Dist. LEXIS 24412, 2015 WL 893058 (N.D.N.Y. Mar. 1, 2015) ................................8

*Hart v. RCI Hospitality Holdings*, Inc.,
90 F. Supp. 3d 250 (2d Cir. 2014) ........................................................................................16

*Hawaiian Airlines, Inc. v. Norris*,
512 U.S. 246 (1994) ...............................................................................................................17

*Hudson Yards Constr. LLC v. Bldg. & Constr. Trades Council of Greater N.Y.*,
2019 U.S. Dist. LEXIS 7780, 2019 WL 233609 (S.D.N.Y. June 15, 2019) .......................3, 4, 19

*Johnson v. D.M. Rothman Co.*,
861 F. Supp. 2d 326 (S.D.N.Y. 2012) ......................................................................................6

*Jordan v. MV Transportation, Inc.*,
2016 U.S. Dist. LEXIS 16539, 2016 WL 748115 (E.D.N.Y. Feb. 3, 2016) ........................11, 12

*Kaye v. Orange Reg'l Med. Ctr.*,
975 F. Supp. 2d 412 (S.D.N.Y. 2013) ............................................................................ *passim*

*Lai Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*,
50 Misc. 3d 201 (Sup. Ct. N.Y. Cnty. Sept. 9, 2015) ....................................................5, 6, 10, 13

*Levy v. Verizon Info. Servs.*,
498 F. Supp. 2d 586 (E.D.N.Y. 2007) ...............................................................................5, 8, 16

*Lingle v. Norge Div. of Magic Chef, Inc.*,
486 U.S. 399 (1988) ......................................................................................................7, 10, 11

*Livadas v. Bradshaw*,
512 U.S. 107 (1994) ................................................................................................... *passim*

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
711 F.3d 106 (2d Cir. 2013) ..................................................................................................8

*Lupo v. Human Affairs Int'l, Inc.*,
28 F.3d 269 (2d Cir. 1994) ......................................................................................................4

*McLean v. Garage Mgmt. Corp.*,
2011 U.S. Dist. LEXIS 32760, 2011 WL 1143003 (S.D.N.Y. Mar. 29, 2011) .................... *passim*

*McNutt v. General Motors Acceptance Corp.*,
298 U.S. 178 (1936) ...............................................................................................................4

*Najmiev v. Special Touch Home Care Servs.*,
2017 U.S. Dist. LEXIS 108634, 2017 WL 2992206 (S.D.N.Y. July 12, 2017) ................... *passim*

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
723 F.3d 192 (2d Cir. 2013) ................................................................................................8

*Nuzzo v. Verizon N.Y., Inc.*,
2004 U.S. Dist. LEXIS 16585, 2004 WL 1872708 (S.D.N.Y. Aug. 19, 2004) ................... 3, 5, 19

*Pachter v. Bernard Hodes Group, Inc.*,
2005 U.S. Dist. LEXIS 18005, 2005 WL 2063838 (S.D.N.Y. Aug. 25, 2005) ............................17

*Pachter v. Bernard Hodes Grp., Inc.*,
505 F.3d 129 (2d Cir. 2007) ..............................................................................................16

*Padilla v. Manlapaz*,
643 F. Supp. 2d 302 (E.D.N.Y. 2009) ................................................................................17

*Polanco v. Brookdale Hosp. Med. Ctr.*,
819 F. Supp. 2d 129 (E.D.N.Y. 2011) ..............................................................................*passim*

*Price v. Goals Coal Co.*,
161 F.3d 3 (4th Cir. 1998) ................................................................................................19

*R.G. Barry Corp. v. Mushroom Makers, Inc.*,
612 F.2d 651, (2d Cir. 1979) ..............................................................................................4

*Romero v. DHL Express (U.S.A.), Inc.*,
2016 U.S. Dist. LEXIS 154279, 2016 WL 6584484 (S.D.N.Y. Nov. 4, 2016) ......................10, 13

*Salamea v. Macy's*,
426 F. Supp. 2d 149 (S.D.N.Y. 2006) ..............................................................................14, 15

*Santillan v. Henao*,
822 F. Supp. 2d 284 (E.D.N.Y. 2011) ................................................................................8

*Severin v. Project OHR, Inc.*,
2011 U.S. Dist. LEXIS 99839, 2011 WL 3902994 (S.D.N.Y. Sept. 1, 2011) ....................6, 9, 14

*Sexton v. First Financial, Ltd.*,
2009 U.S. Dist. LEXIS 50526, 2009 WL 1706535 (E.D.N.Y. June 16, 2009) ............................17

*Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*,
314 F. Supp. 2d 177 (S.D.N.Y. 2003) ..................................................................................4

*Tamburino v. Madison Sq. Garden, LP*,
115 A.D.3d 217 (1st Dep't 2014) .................................................................6

*Tand v. Salamon*,
324 F. Supp. 2d 379 (E.D.N.Y. July 14, 2004)............................14, 15, 16

*Vera v. Saks & Co.*,
335 F.3d 109 (2d Cir. 2003)............................................................. *passim*

*Wilds v. United Parcel Serv., Inc.*,
262 F. Supp. 2d 163 (S.D.N.Y. 2003).......................................................3

*Wynn v. AC Rochester*,
273 F.3d 153 (2d Cir. 2001)......................................................................6

## **STATUES**

12 NYCRR 14-2.2 ......................................................................................9

12 NYCRR § 142-2.2 ..............................................................................7, 9

NYLL § 190...................................................................................7, 8, 9, 10

NYLL § 191...................................................................................7, 8, 9, 10

NYLL § 193...................................................................................... *passim*

NYLL § 198...................................................................................... *passim*

NYLL § 198(3) ..........................................................................................8

NYLL § 650 ................................................................................................9

NYLL § 652 ..............................................................................................10

NYLL § 663 ...........................................................................................7, 8

## **OTHER AUTHORITIES**

LMRA Section 301 .......................................................................... *passim*

## INTRODUCTION

Named Plaintiff Richard Berger ("Named Plaintiff") on behalf of himself and members of the putative class (collectively "Plaintiffs"), by their attorneys, Virginia & Ambinder, LLP submits this memorandum of law in support of Plaintiffs' Motion to Remand this action to the Supreme Court of the State of New York, New York County (the "Motion to Remand").

## PRELIMINARY STATEMENT

Named Plaintiff Berger commenced this action in the Supreme Court of the State of New York, New York County on or about December 11, 2018 on behalf of himself and a putative class consisting of each and every other person who performed work as security guards and in other related trades for Defendant at any time between December 2012 and the present. *See* Plaintiffs' Complaint (the "Complaint") ¶¶ 20-33, annexed to the Declaration of James E. Murphy (the "Murphy Decl.") as Exhibit A. Plaintiffs seek to recover wages for hours they worked but were not paid, and unpaid overtime compensation at the rate of one and one-half times their regular rate of pay for hours they worked but were not paid for, over forty (40) in a week pursuant to the New York Labor Law ("NYLL") and the New York Codes, Rules, and Regulations ("NYCRR"). *See generally* Compl. On or about January 9, 2019, Defendant submitted the Notice of Removal ("NOR") to remove this action to the United States District Court for the Southern District of New York. That NOR forms the basis of Plaintiffs' instant Motion to Remand.

Defendant seeks removal on the basis of federal question jurisdiction, asserting that Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA") because, Defendant alleges, (i) Plaintiffs' claims require interpretation of a collective bargaining agreement ("CBA"), and (ii) because Defendant may—in the event that this matter is not dismissed or in the hypothetical event that Plaintiffs amend their complaint to add a breach of

contract claim—move to dismiss Plaintiffs' Complaint for failure to follow allegedly mandatory grievance and arbitration procedures and/or may move to compel arbitration. *See generally* NOR.

Contrary to Defendant's assertions, Plaintiffs' claims are not preempted by Section 301 of the LMRA. Plaintiffs' causes of action are brought solely under the NYLL and NYCRR. *See generally* Compl. Plaintiffs' claims have *nothing whatsoever* to do with the collective bargaining agreement. Plaintiffs' claim here is that they performed work for which they were not paid. There is no allegation that a CBA was violated, and there is no interpretation of a CBA required to determine whether or not work was performed for which payment was not made. Plaintiffs do not allege that Defendant violated a CBA, that a CBA provision violates state law, or that a relevant CBA provision is ambiguous. Despite Defendants' false contention (*see* NOR ¶ 11), Plaintiffs do not allege the *existence* of any CBA. *See id*. Rather, Plaintiffs' allegations that Defendant failed to pay wages for all hours worked and overtime compensation rely purely on statutorily-created rights that arise under state law. *See id*. Further, Plaintiffs' statutory claims – that they performed work for which they were not paid – cannot possibly implicate the CBA, as workers cannot waive their statutory right to be paid for all hours worked under the New York Labor Law through the collective bargaining process. Even if the CBA was entirely discarded, Plaintiffs' action would not be impacted, and they could still prevail on their claims. As such, this action clearly does not require interpretation of the CBA. *See Chu v. Chinese-American Planning Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 225 (S.D.N.Y. 2016); *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 421 (S.D.N.Y. 2013); *Najmiev v. Special Touch Home Care Servs.*, 2017 U.S. Dist. LEXIS 108634, at *6, 2017 WL 2992206 (S.D.N.Y. July 12, 2017).

Furthermore, Defendant's potential motions to dismiss for failure to exhaust grievance and arbitration procedures or to compel arbitration are defenses which do not merit LMRA preemption.

*See Chu*, 194 F. Supp. 3d at 229-230; *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *10, 2017 WL 2992206. Accordingly, those defenses do not confer a basis for federal jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hudson Yards Constr. LLC v. Bldg. & Constr. Trades Council of Greater N.Y.*, 2019 U.S. Dist. LEXIS 7780, at *4-6, 2019 WL 233609 (S.D.N.Y. June 15, 2019); *Nuzzo v. Verizon N.Y., Inc.*, 2004 U.S. Dist. LEXIS 16585, at *5-6, 2004 WL 1872708 (S.D.N.Y. Aug. 19, 2004).

Based on the foregoing, and as further demonstrated below, Plaintiffs' claims are not preempted by Section 301, nor do Defendant's defenses invoke Section 301. As such, there is no basis for federal jurisdiction and Plaintiffs' action must be remanded.

## ARGUMENT

### I.   Plaintiffs' Action Must be Remanded, as Plaintiff's Claims are Not Preempted by Section 301 of the LMRA and There is No Basis for Federal Jurisdiction

Defendant asserts federal question jurisdiction as the basis for removal. *See* NOR. As the party asserting federal question jurisdiction, "[d]efendants bear the burden of 'establishing to a reasonable probability' that removal was proper." *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (citing *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)); *Hudson Yards Constr.*, 2019 U.S. Dist. LEXIS 7780, at *4-6, 2019 WL 233609 (same). "Unless that burden is met, the case must be remanded back to state court. At this stage therefore, the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (quoting *Bellido—Sullivan v. American International Group, Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000)).

"Any doubts regarding the propriety of removal are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'" *Anwar*, 676 F. Supp. 2d at 292 (quoting

*Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "When the removal of an action to federal court is contested, 'the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof.'" *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936))).

   "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hudson Yards Constr.*, 2019 U.S. Dist. LEXIS 7780, at *4-6, 2019 WL 233609 (quoting *Caterpillar*, 482 U.S. at 392). "An exception to the well-pleaded complaint rule applies to state law claims that are completely preempted by Section 301 of the LMRA." *Chu*, 194 F. Supp. 3d at 226 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 113-14 (2d Cir. 2003) ("The 'unusual pre-emptive power' accorded section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim.") (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 122 n.16 (1994))).

   However, "[a] case may not be removed to federal court on the basis of a defense of federal preemption, even if the defense is anticipated in the complaint, and even if the preemption is the only issue in the case." *See Hudson Yards Constr. LLC*, 2019 U.S. Dist. LEXIS 7780, at *4-6, 2019 WL 233609 (quoting *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 232 (2d Cir. 1997); citing *Caterpillar*, 482 U.S. 386, 392 (1987)). As the Supreme Court forcefully explained in *Caterpillar*,

> The presence of a federal question … in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule -- that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on

federal law, choose to have the cause heard in state court …. [A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Caterpillar*, 482 U.S. at 398-99; *Nuzzo*, 2004 U.S. Dist. LEXIS 16585, at *5-6, 2004 WL 1872708 (same). Accordingly, where a plaintiff's claim is not completely preempted by Section 301, a defendant cannot rely on its own defenses to create a basis for federal jurisdiction. *See id*.

### a. Plaintiffs' Claims are Not Preempted by Section 301 of the LMRA

Courts apply a two-part test to determine whether a claim is preempted under Section 301 of the LMRA. "First, a court must analyze the 'legal character' of the claim and whether it is truly independent of rights under the collective bargaining agreement." *Levy v. Verizon Info. Servs.*, 498 F. Supp. 2d 586, 596 (E.D.N.Y. 2007) (citing *Livadas*, 512 U.S. at 123-24; *Foy*, 127 F.3d at 234); *Kaye*, 975 F.Supp.2d at 424. "The starting point in making such a determination is consideration of the elements of plaintiff's stated claims." *Id.* at 596 (citation omitted). "Second, even if the right exists independently of the CBA, the court must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* at 597 (citations omitted). Caselaw indicates three categories under which claims have been preempted under Section 301: (i) where a plaintiff alleges that a defendant violated a CBA, (ii) where a plaintiff claims that a CBA provision violates state law, and (iii) where a CBA provision relevant to a plaintiff's claim is ambiguous. *Kaye*, 975 F. Supp. 2d at 424.

"[N]ot every suit concerning employment or tangentially involving a [CBA], is preempted by section 301.'" *Chu*, 194 F. Supp. 3d at 227 (quoting *Vera*, 335 F3d at 114); *Kaye*, 975 F. Supp. 2d at 421 (same); *Lai Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*, 50 Misc. 3d 201, 205 (Sup. Ct. N.Y. Cnty. Sept. 9, 2015) (same). "For example, if a state

prescribes rules or establishes rights and obligations that are independent of a labor contract, actions to enforce such independent rules or rights would not be preempted by section 301." *Vera*, 335 F.3d at 115; *Chu*, 194 F. Supp. 3d at 227 (same) *Lai Chan*, 50 Misc. 3d at 205-206 (same).

"Moreover, the 'bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not' trigger § 301 preemption." *Diaz v. Amedeo Hotels Ltd. P'ship*, 2016 U.S. Dist. LEXIS 41453, at *16, 2016 WL 1254243 (E.D.N.Y. Mar. 29, 2016) (quoting *Livadas*, 512 U.S. at 124); *Wynn v. AC Rochester*, 273 F.3d 153, 158 (2d Cir. 2001) (per curiam) (holding that Section 301 preemption is not triggered by "simple reference to the face of the CBA."); *Chu*, 194 F. Supp. 3d at 227 ("To the extent that the relevant CBA provisions are clear (in other words, merely requiring the Court to consult them), LMRA preemption does not apply.") (citing *Kaye*, 975 F. Supp. 2d at 425; *Johnson v. D.M. Rothman Co.*, 861 F. Supp. 2d 326, 332-33 (S.D.N.Y. 2012)). "For example, § 301 does not mandate preemption of state law claims requiring 'mere referral' to a CBA to determine damages owed." *Johnson*, 861 F. Supp. 2d at 332 (quoting *Vera*, 335 F.3d at 115); *Diaz*, 2016 U.S. Dist. LEXIS 41453, at *16, 2016 WL 1254243 (same).

"Indeed, 'even if resolving a dispute under a state law claim and the CBA would require addressing the precisely same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes.'" *Kaye*, 975 F. Supp. 2d at 421 (*Severin v. Project OHR, Inc.*, 2011 U.S. Dist. LEXIS 99839, at *12, 2011 WL 3902994 (S.D.N.Y. Sept. 1, 2011)); *Chu,* 194 F. Supp. 3d at 227 (same). Accordingly, whether a state cause of action is preempted by the LMRA "'depends on the legal character of a claim, as independent of rights under the collective bargaining agreement, (and not whether a grievance arising from precisely the same set of facts could be pursued.).'" *Chu,* 194 F. Supp. 3d at 227 (quoting *Foy*, 127 F.3d at 233); *Tamburino v. Madison Sq. Garden, LP*, 115

6

A.D.3d 217, 221-22 (1st Dep't 2014) ("Even if resolution of a state-law claim 'involves attention to the same factual considerations as the contractual determination . . . such parallelism does not mandate preemption.") (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408 (1988)).

   i. **Plaintiffs' Claims are Not Preempted by Section 301 as They Do Not Require Interpretation of a CBA**

At the outset, it is indisputable that Plaintiffs do not allege "that defendant violated the CBA itself," or that "a provision of the CBA itself violates state law." *See Kaye*, 975 F. Supp. 2d. at 425. Rather, Defendant attempts to shoehorn this action under Section 301 by arguing that Plaintiffs' statutory claims for unpaid wages are somehow substantially dependent on an analysis of the CBA. *See generally* NOR. This argument lacks merit. Plaintiffs rely purely on statutorily-created rights to assert their wage claims. *See* Compl. As such, those claims do not require interpretation of a CBA. *See Chu*, 194 F.Supp. 3d at 225; *Kaye*, 975 F. Supp. 2d at 421; *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *6, 2017 WL 2992206.

Here, Plaintiffs assert two causes of action—unpaid overtime compensation and failure to pay wages. Compl. ¶¶ 20-33. Plaintiffs' overtime compensation claim is brought pursuant to NYLL § 663 and 12 NYCRR § 142-2.2, which provides that employees are to be paid one and one-half times their regular rate of pay for hours worked above forty in a week. Plaintiffs' unpaid wage claim is brought pursuant to NYLL §§ 663 and 190, *et seq.* which encompasses, *inter alia*, NYLL §§ 191, 193, and 198. [Compl. ¶¶ 20-33]. Pursuant to NYLL §§ 190, 191, 198, and 663 an independent statutory "gap-time claim" exists which allows employees to recover unpaid compensation at the employee's regular rate of pay—even if that pay is greater than the minimum

wage—without any predicate showing of a minimum number of hours worked.[1] Additionally, NYLL § 193 prohibits employers from making "any deduction from the wages of an employee," and section 190 broadly defines "wages" as "the earning of an employee for labor or services rendered." Accordingly, if the withheld compensation constitutes "earned wages" under NYLL § 190, then the withholding of such wages violates section 193. As such, these rights are rooted solely in NYLL, and do not arise under the CBA.

"[I]t appears to be well settled that claims pursuant to N.Y. Labor Law are 'truly independent of rights under the [CBA].'" *Kaye*, 975 F. Supp. 2d at 422 (quoting *Levy*, 498 F. Supp. 2d at 596-97). Courts have thus repeatedly found that the same NYLL claims asserted by Plaintiffs here are not preempted under the LMRA, because they can be resolved without interpretation of a

---

[1] *See Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 202 (2d Cir. 2013) (noting that a gap-time claim is consistent with the NYLL and overturning the trial court's dismissal of gap-time claims); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) (noting the recognition of gap-time claims under the NYLL); *Almanzar v. C & I Assocs.*, 175 F. Supp. 3d 270, 278 (S.D.N.Y. 2016) (New York State law "allow[s] 'gap time claims' in which an employee seeks to be paid her regular hourly rate for previously uncompensated time."); *Denoyer v. PMI Sec. Prot., Inc.*, 2018 U.S. Dist. LEXIS 11700, at *8-9, 2018 WL 1738217 (S.D.N.Y. Jan. 23, 2018) ("In contrast, pursuant to the NYLL, a prevailing plaintiff is entitled to recover the full amount of wages owed, not just the statutory minimum wage for the hours worked") (citing NYLL § 198(3) ("All employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of such action.")); *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011) (recognizing a gap time claim under NYLL § 198(3); *Coley v. Vannguard Urban Improvement Ass'n*, 2018 U.S. Dist. LEXIS 50787, *27, 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018) (finding that NYLL § 198 entitles employees to recover straight time rates higher than the minimum wage); *Cavalotti v. Daddyo's BBQ, Inc.*, 2018 U.S. Dist. LEXIS 154918, at *34 (E.D.N.Y. Sept. 8, 2018) (holding that an employee may recover their wages for all hours worked pursuant to NYLL §§§ 190, 191); *Bowen v. Baldwin Union Free Sch. Dist.*, 2018 U.S. Dist. LEXIS 151204, at *17-18 (E.D.N.Y. 2018) (recognizing that under NYLL §§ 198, 663, an employee can maintain a gap-time claim to recover compensation at the employees straight time rate, above the minimum wage rate, for unpaid hours of work); *Gregory v. Stewart's Shops Corp.*, 2015 U.S. Dist. LEXIS 24412, at *11, 2015 WL 893058 (N.D.N.Y. Mar. 1, 2015) ("Claims for gap-time compensation are cognizable under the NYLL but not under the FLSA.") (quoting *Cromwell*, 983 F. Supp. 2d at 271 (N.D.N.Y. March 2, 2015)).

CBA. *See Kaye*, 975 F. Supp. 2d at 422 (finding that overtime claims under 12 NYCRR 14-2.2, and unpaid wage claims under NYLL §§ 190, 191, 193, and 198 are not preempted by the LMRA); *Chu*, 194 F. Supp. 3d at 230 (remanding plaintiffs' claims to state court and finding that plaintiffs' claims for, *inter alia*, unpaid wages and overtime compensation under NYLL §§ 190 *et seq.*, 191, and 650 *et sq.*, are not preempted by the LMRA); *Diaz*, 2016 U.S. Dist. LEXIS 41453, at *17-19, 2016 WL 1254243 (finding that the plaintiffs' unpaid wage claims were not preempted by § 301 because "[p]aintiffs' rights to any additional compensation stem solely from the NYLL, not from the CBAs. And, plaintiffs' NYLL claims do not substantially depend on an analysis of the CBAs"); *Severin*, 2011 U.S. Dist. LEXIS 99839, at *12, 2011 WL 3902994 (rejecting the defendant's LMRA preemption argument and holding that, with respect to the plaintiff's claims for unpaid overtime compensation and minimum wages under NYLL §§ 190 *et seq.*, "[n]o provision of the CBA needs to be interpreted to decide either of these statutory claims."); *McLean v. Garage Mgmt. Corp.*, 2011 U.S. Dist. LEXIS 32760, at *7-8, 2011 WL 1143003 (S.D.N.Y. Mar. 29, 2011) (rejecting the defendant's argument that the plaintiff's NYLL claims for unpaid wages and unpaid overtime compensation under NYCRR § 142-2.2 are preempted by Section 301 of the LMRA, holding that "[p]aintiffs do not seek to enforce any provision of the CBA. Rather, plaintiffs' [NYLL] claims arise wholly under state law."); *Polanco v. Brookdale Hosp. Med. Ctr.*, 819 F. Supp. 2d 129, 134 (E.D.N.Y. 2011) (finding that the plaintiffs NYLL claims are not subject to 301 LMRA preemption, because they arise under independent statutory rights); *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *5-6, 2017 WL 2992206 ("Here, [p]laintiff does not challenge the lawfulness of any term in the CBA; as discussed above, resolution of the NYLL claims does not require any interpretation of the CBA. Therefore, this case was not properly removed.").

Moreover, even if an employee's unpaid wage claim requires reference to a CBA to determine the regular rate of pay, "'mere referral to the CBA for information such as rate of pay' is insufficient to find that a state law claim is preempted by § 301." *McLean*, 2011 U.S. Dist. LEXIS 32760, at *8-9, 2011 WL 1143003 (quoting *Vera*, 335 F.3d at 115); *Chu*, 194 F. Supp. 3d at 227 ("'Nor would a state claim be preempted if its application required mere referral to the CBA for 'information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.'") (citing *Vera*, 335 F.3d at 115 (quoting *Lingle*, 486 U.S. at 413 n.12)); *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *4, 2017 WL 2992206 ("For example, a state claim that merely refers to the CBA for 'information such as rate of pay and other economic benefits' relevant to determining damages would not be preempted.") (quoting *Lingle*, 486 U.S. at 413 n.12); *Romero v. DHL Express (U.S.A.), Inc.*, 2016 U.S. Dist. LEXIS 154279, at *6-7, 2016 WL 6584484 (S.D.N.Y. Nov. 4, 2016) ("State claims may not be preempted by § 301 if they only require CBAs to be 'consulted' for calculation of damages rather than 'interpreted' to resolve the dispute.") (quoting *Livadas*, 512 U.S. at 124); *Lai Chan*, 50 Misc. 3d at 205-206 (same).

For example, under virtually identical circumstances, the Court in *Kaye* rejected the defendant's argument that the plaintiff's claims for unpaid overtime and unpaid wages under NYLL §§ 190, 191, 193, 198, and 652, and the NYCRR were preempted because they required interpretation of the CBA. *Kaye*, 975 F. Supp. 2d at 420-25. The Court explained that the plaintiff's allegations, if proven, were sufficient to "'establish a violation of an independent statutory right arising under the NYLL,'" and that "'[a]lthough the CBA may provide additional rights to the employees, it may not override independent statutory rights provided by the NYLL.'" *Kaye*, 975 F. Supp. 2d at 422 (quoting *Polanco*, 819 F. Supp. 2d at 131-34). Thus, that a CBA may contain

identical rights to those under the NYLL does not merit preemption. *Id.* ("'[e]ven if the CBA contain[ed] provisions and rights . . . identical to those in the NYLL, such 'parallelism' did not mandate preemption.'") (citing *Polanco*, 819 F. Supp. 2d at 134 (quoting *Lingle*, 486 U.S. at 408)); *Chu*, 194 F. Supp. 3d at 227 (holding that whether a claim requires interpretation of a CBA depends on whether the right stems from an independent statutory violation, "and not whether a grievance arising from precisely the same set of facts could be pursued.") (citations omitted).

      In another case with allegations substantially identical to those here, the Court in *Jordan v. MV Transportation, Inc.* rejected the employer's argument that claims for nonpayment of off-the-clock work were subject to LMRA preemption. *Jordan v. MV Transportation, Inc.*, 2016 U.S. Dist. LEXIS 16539, at *3-12, 2016 WL 748115 (E.D.N.Y. Feb. 3, 2016). In *Jordan*, a worker alleged that he "was required to spend an additional 30 minutes at the end of each day's shift – or 2.5 hours per week – filling out paperwork." *Id.* at *3. The employer moved to dismiss the complaint, alleging that the worker's "NYLL claims cannot be resolved without determining how the CBAs define 'working hours' and a normal workday, how those agreements prescribe the extent to which premium payments may be credited against any overtime shortfall, and how pay for such hours should be calculated under the CBAs." *Id* at *12. This is, essentially, the *identical* argument made by Defendants here.

      In rejecting the employer's claim, the *Jordan* Court held that "Jordan's state law overtime claims are independent of his rights under the CBA' as a result, the LMRA does not preempt them. Jordan alleges that the defendants violated his rights under the NYLL, not the CBA. While it may be the case that the pertinent CBAs provided him with parallel or additional rights, those agreements could not override or diminish Jordan's independent statutory rights under the NYLL… Even if the CBA contains provisions and rights regarding 'after hour' work identical to

those in the NYLL, such 'parallelism' does not mandate preemption." *Id.* at *14-15 (internal citations omitted).

First, Defendant erroneously asserts that Plaintiffs' Complaint "specifically referrers to" the CBA and is "a clear reference to the CBA." *See* NOR ¶¶ 4, 11. This is patently false. Not only does Plaintiffs' Complaint wholly exclude any references to the CBA, but the allegation in Plaintiffs' Complaint that Defendant failed to pay wages in accordance with the "agreed upon terms of employment," merely refers to Defendant's obligation to pay Plaintiffs at the correct rate for all hours worked in accordance with the NYLL. *See* Compl. ¶¶ 28-33. The fact that a rate of pay might be set forth in a collective bargaining agreement does not invoke LMRA preemption of a New York Labor Law claim. *See Jordan*, 2016 U.S.Dist.LEXIS 16539, at *15, 2016 WL 748115 ("A state claim is not preempted if its application requires mere referral to the CBA for information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.") (internal punctuation omitted). Defendant cannot ignore that "as the 'master of the complaint,' a plaintiff may choose to bring state-law claims rather than those based on federal law." *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *6, 2017 WL 2992206. Thus, merely because Plaintiffs may have similar or even identical rights under the CBA does not prevent them from choosing to assert those rights under state law—as Plaintiffs here have elected to do.

Defendant's additional argument for preemption essentially hinges on its theory that the CBA requires interpretation merely because it contains wage provisions. NOR ¶¶ 9-10. This argument, at best, represents a fundamental misunderstanding of the claims asserted in this lawsuit. In the context of Section 301 preemption, "whether the CBA contains wage provisions is entirely irrelevant." *Chu*, 194 F. Supp. 3d at 228 ("While the 2014 MOA and the 2012 CBA undoubtedly

contain terms relating to the payment of wages, that fact alone is insufficient to find that the LMRA preempts plaintiffs' independent state law claims.") (citing *Kaye*, 975 F. Supp. 2d at 422-25). This is true even where a CBA may require referral for information such a rate of pay or other economic benefits. *Vera*, 335 F.3d at 115; *Chu*, 194 F. Supp. 3d at 227; *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *4, 2017 WL 2992206; *Romero*, 2016 U.S. Dist. LEXIS 154279, at *6-7, 2016 WL 6584484; *McLean*, 2011 U.S. Dist. LEXIS 32760, at *8-9, 2011 WL 1143003; *Lai Chan*, 50 Misc. 3d at 205-206.

While Defendant points to various CBA provisions regarding hours worked and wages paid, Plaintiffs seek only to enforce their rights as they are provided for by the NYLL and NYCRR. *See* NOR ¶¶ 9, 10; *see also* Compl. ¶¶ 1-33. Those state laws guarantee payment of wages for all hours worked, and overtime compensation. Determining whether Defendant committed the wage violations alleged thus requires no reference to or interpretation of a CBA. Rather, to determine whether any such violation occurred, the Court can simply refer to Defendant's employment and payroll records and compare them with the statutes' requirements. As such, Defendant's far-fetched arguments do not convolute Plaintiffs' straightforward wage and hour claims into a claim involving the CBA.

Defendant's ostensible preference that Plaintiffs' claims be brought pursuant to the CBA, rather than the NYLL, are of no consequence here. Plaintiffs, "as the 'master[s] of the complaint,'" may choose to forego rights under the CBA and to instead avail themselves of the protections afforded to him under state law. *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *6, 2017 WL 2992206. That Plaintiffs may have identical or even additional rights under the CBA does not alter this analysis. *Chu*, 194 F. Supp. 3d at 227. As resolution of Plaintiffs' unpaid wage claims will turn entirely on New York statutory law; Plaintiffs' claims simply do not require any interpretation

of a CBA. *See Chu*, 194 F. Supp. 3d at 227-230; *Kaye*, 975 F. Supp. 2d at 424-26; *Polanco*, 819

F. Supp. 2d at 134; *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *5-6, 2017 WL 2992206; *Diaz*,

2016 U.S. Dist. LEXIS 41453, at *17-19, 2016 WL 1254243; *Severin*, 2011 U.S. Dist. LEXIS

99839, at *11-13, 2011 WL 3902994; *McLean*, 2011 U.S. Dist. LEXIS 32760, at *6-11, 2011 WL

1143003. Accordingly, Plaintiffs' claims are not preempted under Section 301 of the LMRA.

> ii. **The Authority Relied Upon by Defendant is Inapplicable and Has Been Rejected by Courts in Nearly Identical Actions**

The cases Defendant cites in support of its contention that Plaintiffs' causes of action are

preempted by Section 301 are inapposite and easily distinguishable. *See* NOR ¶¶ 10, 11, 13 (citing

*Vera*, 335 F.3d at 115; *Salamea v. Macy's*, 426 F. Supp. 2d 149, 153-57 (S.D.N.Y. 2006); *Tand v.*

*Salamon*, 324 F. Supp. 2d 379, 382-83 (E.D.N.Y. July 14, 2004)). Each of the cases cited by

Defendant were found preempted for at least one of three reasons, none of which are present here.

First, that the case was preempted because the plaintiff alleged that the defendant violated the

CBA, *see Tand*, 324 F. Supp. 2d at 383 (holding that plaintiff's claim that defendant's "notification

of nonreappointment . . . was untimely under the terms of the CBA and therefore a breach of the

CBA" was preempted under § 301). Second, that preemption applied because a plaintiff claimed

that a CBA provision violated state law, *see Vera*, 335 F.3d at 112 (finding plaintiff's claim

preempted where plaintiff "alleg[ed] that the unidentified returns policy as set forth in the CBA

and defendant's actions in compliance with this policy violate New York Labor Law section 193

and the common law."). Or third, that the claims were preempted because a CBA term relevant to

the plaintiff's claim required interpretation, *see Salamea*, 426 F. Supp. 2d at 155 (preempting state

law claims, because "the CBA contain[ed] detailed requirements for an employee to be eligible

for vacation benefits," and the parties dispute centered on "whether [plaintiff] was entitled to the

ten vacation days taken, and whether she followed the appropriate procedures for scheduling her vacation to make her eligible for vacation pay"). Those scenarios are simply inapplicable here.

For example, the Court in *Kaye* distinguished the unpaid vacation pay claim that was found preempted in *Salamea* from the *Kaye* plaintiff's claim for unpaid wages—finding that the latter was not subject to Section 301 preemption:

> . . . *Salamea* and *McLean* appear to represent a distinction between two types of claims, one that is preempted and one that is not. In *Salamea*, the plaintiff claimed that her employer failed to pay her "accrued vacation pay." *Salamea*, 426 F. Supp. 2d at 154-55. Although she pled her claim under New York Labor Law § 198, the court held that it was preempted because her claim for non-payment of a benefit provided by the CBA required interpretation of the CBA. *See id.* at 155 (holding that "a dispute as to whether [plaintiff] was entitled to the ten vacation days taken, and whether she followed the appropriate procedures . . . to make her eligible for vacation pay. . . . require[d] interpretation of the CBA" (emphasis added)). By contrast, in *McLean*, the plaintiffs claimed that their employers failed to pay them "for all hours worked" and for overtime hours worked . . . Because the court held that these claims for non-payment of hours worked "ar[o]se wholly under state law," the claims were "legally independent of the CBA" and were thus not preempted. *Id.*

*Kaye*, 975 F. Supp. 2d at 429 fn.8 (citing *McLean*, 2011 U.S. Dist. LEXIS 32760, at *1-11, 2011 WL 1143003; *Salamea*, 426 F. Supp. 2d at 154-55). Plaintiffs' claims here are akin to those in *Kaye* and *McLean*, as they involve the same claims for unpaid hours worked, including overtime pay, which arise solely under the NYLL and are completely independent of any CBA. *See Kaye*, 975 F. Supp. 2d at 422-26; *McLean*, 2011 U.S. Dist. LEXIS 32760, at *1-2, 6-11, 2011 WL 1143003.

The breach of contract claim at issue in *Tand* is also easily distinguishable from the instant action. *Tand*, 324 F. Supp. 2d at 383. The plaintiff's claim in *Tand* was preempted because it was asserted that the defendant's notification of plaintiff's non-reappointment was untimely under the the CBA and therefore breached the CBA. *Id.* As this allegation clearly required interpretation of certain articles of the CBA, preemption was found proper. *See id.* The NYLL claims here are

clearly distinct from the CBA terms at issue in *Tand*, as they allege no such breach of a CBA term. *See Tand*, 324 F. Supp. 2d at 383; *see also Kaye*, 975 F. Supp. 2d at 420-25 (holding that the plaintiff's NYLL are not preempted, in part, because they do not allege a CBA violation). Indeed, Plaintiffs' Complaint does not even allege the existence of any CBA, let alone the breach of any provision of any CBA.

Defendant's reliance on *Vera* is likewise misplaced. *See* NOR ¶ 10 (citing *Vera*, F. 3d at 115). The Court in *Vera* found that the CBA required interpretation because the plaintiff's claims relied on the common law rule for when commissions are "earned." *See Vera*, 335 F.3d at 115; *Levy*, 498 F. Supp. 2d at 597-98. Commissions are unique because, unlike other NYLL provisions, parties can agree to alter the common-law rule regarding when commissions are "earned," which subsequently determines the time after which no additional deductions can be lawfully made. *Id.* at 115. While NYLL § 193 forbids employers from making certain deductions from wages generally, NYLL § 193 alone was insufficient to resolve the dispute in *Vera* because nothing in the NYLL or relevant statutory provisions dictates how commissions are calculated or when they are deemed "earned." *See Pachter v. Bernard Hodes Grp., Inc.,* 505 F.3d 129, 134-35 (2d Cir. 2007) (explaining commission earnings and when deductions can be made). The CBA was therefore the only document that contained the contractual agreement about when commissions were earned, which formed the basis for the plaintiffs' claims. *See Vera*, 335 F.3d at 115 ("We must interpret the CBA to determine whether it embodies an agreement between the parties to alter the common law rule regarding when commissions are earned.").

Unlike in *Vera*, Plaintiffs' claims in the instant action rely solely on statutory rights, which are incapable of alteration by a CBA or any other contract. *See Hart v. RCI Hospitality Holdings*, Inc., 90 F. Supp. 3d 250, 261 (2d Cir. 2014) ("Plaintiffs are correct that an employee may not

contract away her legal right to be paid a minimum wage."); *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 311 (E.D.N.Y. 2009) ("it is settled law that an employee may not waive the protections of the Labor Laws.") (citing *Sexton v. First Financial, Ltd.*, 2009 U.S. Dist. LEXIS 50526, at *25 n.6, 2009 WL 1706535 (E.D.N.Y. June 16, 2009) ("[T]he Supreme Court has held that employees cannot release their rights under the FLSA by private agreement, because such action contravenes a statutory right granted in the public interest."); *Pachter v. Bernard Hodes Group, Inc.*, 2005 U.S. Dist. LEXIS 18005, at *20, 2005 WL 2063838 (S.D.N.Y. Aug. 25, 2005) (finding "an employee cannot waive the protections of section 193 through an agreement with an employer") (overturned on other grounds)); *see also Livadas*, 512 U.S. at 123 ("[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law."); *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994) ("Clearly, § 301 does not grant the parties to a (CBA) the ability to contract for what is illegal under state law"); *Polanco*, 819 F.Supp.2d at 134 ("Although the CBA may provide additional rights to the employees, it may not override independent statutory rights provided by NYLL").

Courts have thus repeatedly rejected the notion that NYLL wage claims may be subject to Section 301 preemption based on the holding in *Vera*. *See Kaye*, 975 F. Supp. 2d at 423-24 (citing *Vera*, 335 F.3d at 115-16); *Chu*, 194 F. Supp. 3d at 227-230 (citing *Vera*, 335 F.3d at 115). For example, the court in *Chu* held that *Vera* and its progeny "are materially distinguishable" from the NYLL claims at issue in the action. *Chu*, 194 F. Supp. 3d at 230, fn. 5 (citing *Vera*, 335 F.3d at 115). The same conclusion was reached by the court in *Kaye*:

> This case does not fall into the first category [of *Vera* and its progeny], because Plaintiff does not allege a violation of the CBA. To be sure, Plaintiff *could have alleged* that Defendant violated the CBA by failing to pay him and other respiratory therapists full wages, including time and a half for overtime hours they worked [as pay provisions were also included in the CBA]. New York State Department of Labor Regulations codify the same right[s] . . . the fact that Plaintiff could have

asserted his claims under the CBA does not, without more, require preemption of those claims.

*Kaye*, 975 F. Supp. 2d at 423-24 (citing *Vera*, 335 F.3d at 115-16) (emphasis in original).

Plaintiffs' claims thus do not require interpretation of a CBA, do not allege violations of a CBA, or that a CBA violates a provision of law. *Kaye*, 975 F. Supp. 2d at 423-24; *Chu*, 194 F.Supp. 3d at 228-29; *Najmiev*, 2017 U.S. Dist. LEXIS, at *4-9, 2017 WL 2992206. As Plaintiffs rely solely on state labor laws, there is simply no legal support for Defendant's position that Plaintiffs' claims require interpretation of a CBA. Section 301 preemption therefore does not apply.

### iii. Defendant's Defenses Regarding Arbitration and Grievance Procedures Do Not Confer a Basis for Federal Jurisdiction

Defendant's defenses based on arbitration and/or grievance procedures do not provide grounds for finding that Plaintiffs' claims are preempted by Section 301 of the LMRA. *See* NOR ¶¶ 5, 10, 12-17. Defendant asserts that federal jurisdiction is proper "in light of Defendant's anticipated motions – which Defendant intends to bring in the event this matter is not dismissed outright or plaintiff seeks to amend his Complaint to alleged claims of breach of the CBA – to : (i) dismiss for failure to follow the CBA's mandatory grievance and arbitration procedures; and/or (ii) compel arbitration of Plaintiff's claims." NOR ¶ 14. However, Defendant's argument that its hypothetical motions merit Section 301 preemption is legally flawed.

Defendant's potential motions to compel arbitration or to dismiss for failure to follow grievance and arbitration procedures are defenses which fail to confer any basis for federal jurisdiction. As the Supreme Court forcefully explained in *Caterpillar*,

> The presence of a federal question … in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule -- that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court …. [A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a

> state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Caterpillar*, 482 U.S. at 398-99; *Hudson Yards Constr. LLC*, 2019 U.S. Dist. LEXIS 7780, at *4-6, 2019 WL 233609 ("A case may not be removed to federal court on the basis of a defense of federal preemption, even if the defense is anticipated in the complaint, and even if the preemption is the only issue in the case.") (quoting *Foy*, 127 F.3d at 232); *Nuzzo*, 2004 U.S. Dist. LEXIS 16585, at *5-6, 2004 WL 1872708.

Further, Defendant's position that Section 301 preemption applies because Defendant may bring a motion to compel arbitration or to dismiss for failure to exhaust grievance or arbitration procedures is blatantly incorrect. "[A] defendant's assertion that a collective bargaining agreement compels arbitration is a defense to a claim that is distinct from the LMRA complete preemption doctrine and as such does not create a valid basis for federal jurisdiction." *Chu*, 194 F. Supp. 3d at 221-26 (holding that possible defenses to statutory claims do not confer jurisdiction under Section 301) (citing *Dall v. Albertson's, Inc.*, 234 F. App'x 446, 449 (9th Cir. 2007) ("In this case, a § 301 issue arises only because of Appellees' defense, and not from the face of the complaint. As such, the exception does not apply and the district court lacked removal jurisdiction.") (unpublished); *Price v. Goals Coal Co.*, 161 F.3d 3 (4th Cir. 1998) ("The 'complete preemption exception' to the 'well-pleaded complaint' rule does not apply when the employer merely raises the collective bargaining agreement as a defense to the state law claim.") (unpublished)).

Likewise, Defendant's argument that Plaintiff's claims are preempted under Section 301 because Defendant may move to dismiss for failure to exhaust grievance and arbitration procedures has been rejected. *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *10, 2017 WL 2992206 (rejecting the defendant's argument that federal jurisdiction is conferred by the defendant's proffered defense

that plaintiff allegedly "failed to exhaust the grievance and mediation/arbitration procedures in the CBA.").

Furthermore, Defendant's "anticipated" motions to dismiss and to compel arbitration are based on conjecture, and depend, in part, on the possibility that Plaintiffs amend their Complaint to allege breach of contract claims. *See* NOR ¶¶ 5, 10, 12-17. Plaintiffs have made no indication of any attempt to amend their pleadings to include a breach of contract claim. Of course, an action cannot be removed to federal court on the basis of Defendant's speculation that Plaintiffs may at some future time amend their pleadings.

Defendant's defenses premised on potentially forthcoming motions to compel arbitration and to dismiss based on failure to exhaust grievance and arbitration procedures do not merit LMRA Section 301 preemption, nor would they even if such motions materialized. *Chu*, 194 F. Supp. 3d at 229-230; *Najmiev*, 2017 U.S. Dist. LEXIS 108634, at *10, 2017 WL 2992206. As such, there is no basis for federal jurisdiction. Accordingly, Plaintiffs' action must be remanded.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs' Motion to Remand this action to the Supreme Court of the State of New York, New York County, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      February 7, 2019

                                     **VIRGINIA & AMBINDER, LLP**

                                   By:   /s/ James E. Murphy   
                                        James E. Murphy, Esq.
                                        Alanna R. Sakovits, Esq.
                                        40 Broad St., 7th Floor
                                        New York, New York 10004
                                        (212) 943-9080
                                        jmurphy@vandallp.com