# EXHIBIT E



New York University
Department of Public Safety
7 Washington Place, 2nd Floor
New York, NY 10003
P: 212-998-1300
F: 212-995-4053

February 15, 2019

**VIA E-MAIL**

Mr. Michael Pidoto
President
Local One, Security Officers Union
33 Irving Place
New York, NY 10003

Re: **Notice of Step 2 Grievance – Richard Berger, Local One Security Officers Union & New York University**

Dear Mr. Pidoto,

Please be advised that, as set forth below, New York University ("NYU") hereby is filing a grievance against Richard Berger and the Local One Security Officers Union (the "Union"), in accordance with Article 6 of the Collective Bargaining Agreement, entered into by and between the Union and NYU, dated as of July 1, 2012 (the "CBA"). In accordance with Article 6's Grievance Procedure, this shall constitute a Step 2 Grievance.

The basis for the grievance is as follows: On December 11, 2018, in material breach of the CBA, Berger, a Union member and current NYU security guard, filed a lawsuit again NYU, captioned *Berger v. New York University*, Case No. 1:19-cv-00267 (S.D.N.Y.) (the "Action"). Berger alleges in the Action that NYU failed to pay him for certain time worked prior to the start of his shift – specifically donning time and time spent at pre-shift assembly and traveling to that day's worksite – and certain time at the end of his working shift. Berger additionally seeks to represent a class of purportedly similarly situated Union members.

NYU maintains that, at all times relevant, Berger (and all other Union members) properly has been paid in accordance with the terms and conditions of the CBA (among others, those governing hours of work and compensable time), and in accordance with the Union and NYU's mutual understanding and longstanding historical agreements as to what is, and is not, compensable time under the terms of the CBA. Suffice it to say, it is NYU's position that Berger's claims lack merit and that neither he, nor any member of the purported class of Union members he seeks to represent, is not entitled to any monetary or equitable relief whatsoever. In short, NYU denies Berger's claims in their entirety.

The CBA expressly details scheduled working hours and what constitutes compensable working time, including assemblage prior to shift start, compensability of donning/doffing time, and the compensability of time at the end of work shifts, among other things. *See* CBA, Articles 5 & 14. Moreover, the Union and NYU have a longstanding agreement and understanding that the time for which Berger contends he was unpaid does not constitute compensable working time. Disputes

regarding such matters are unequivocally subject to the CBA's mandatory Grievance Procedure, set forth in Article 6, a fact that is confirmed by the course of dealing between the Union and NYU, through which prior wage disputes such as these have been resolved.

Accordingly, Berger (and the Union) has violated the CBA. In connection with the foregoing grievance, NYU seeks as a remedy the following: (i) dismissal of the Action, with prejudice; (ii) full and complete compliance with the terms and conditions of the CBA, including without limitation Article 6; (iii) the Union's reaffirmation that none of the purported "working time" claimed by Berger is compensable under the CBA; (iv) reimbursement to NYU of all costs and fees incurred in connection with the Action through the date of the resolution of this grievance (whether by mutual agreement or through arbitration); and (v) any and all other remedies available at law, in equity or otherwise.

We look forward to addressing this matter with you. Please let us know when the Union is available to meet to address the foregoing grievance.

Respectfully,

Fountain Walker