# EXHIBIT F



**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Joseph A. Piesco
joseph.piesco@dlapiper.com
T   212.335.4537
F   212.335.4501

February 21, 2019

<u>**VIA E-MAIL (*jmurphy@vandallp.com*) AND UPS**</u>

James E. Murphy, Esq.
Virginia & Ambinder, LLP
40 Broad St., 7th Floor
New York, New York 10004

Re:   <u>**Notice of Demand for Arbitration**</u>

Dear James:

As you know, we represent New York University ("NYU").

**PLEASE TAKE NOTICE** that, pursuant to CPLR § 7503, NYU hereby demands arbitration of any and all claims, disputes or controversies of any kind existing between NYU and your client, Richard Berger, including without limitation any and all claims that arise out of, or relate to, Mr. Berger's employment with NYU, and any and all claims that have been, or may in the future be, raised in connection with that certain action captioned, *Berger v. New York University*, Case No. 1:19-cv-00267 (S.D.N.Y.) (the "Action"), in accordance with the Article 6 of the Collective Bargaining Agreement, entered into by and between Local One Security Officers Union (the "Union") and NYU, dated as of July 1, 2012 (the "CBA").

As you know, Article 6 of the CBA requires the arbitration of any disputes between the Union, Union members (including without limitation, Mr. Berger) and NYU. Berger has violated the CBA by failing to comply with Article 6 of the CBA, including the mandatory Grievance Procedure set forth therein, as a result of his institution of the Action on December 11, 2018. As we previously advised you, Berger's claims arise under and relate to the CBA, including but not limited to its provisions regarding hours of work, what constitutes "compensable time" prior to and following the shifts of Union members, payment of wages relating to donning and doffing time, and all other matters relating to Mr. Berger's employment with NYU. Not only do these matters plainly arise under the CBA, but there is a long historical course of dealing between the Union and NYU relating directly to wage and hour matters such as these, and which demonstrates such claims are subject to the Grievance Procedure.

**PLEASE TAKE FURTHER NOTICE**, that it is our intention to seek in arbitration (i) an award which will remedy your client's violation of the CBA; (ii) a declaration that Mr. Berger has been properly compensated in accordance with the terms of the CBA and applicable law, and therefore is not entitled to any damages, equitable or otherwise; and (iii) any and all remedies available at law, in equity and under the CBA.


James E. Murphy, Esq.
February 21, 2019
Page 2

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the provisions of CPLR § 7503(c), unless Berger applies to stay the arbitration within twenty (20) days after service of this notice, Berger shall thereafter be precluded from objecting that a valid agreement to arbitrate was not made or has not been complied with, and from asserting in Court the bar of any limitation of time.

Very truly yours,

Joseph A. Piesco, Jr.

cc: Michael Pidoto, President, Local One Security Officers Union (via e-mail to mp14@nyu.edu)
    Garrett J. Kennedy, Esq.

EAST\164981777.1