# EXHIBIT G



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Joseph A. Piesco
joseph.piesco@dlapiper.com
T  212.335.4537
F  212.335.4501

March 6, 2019

**Via E-mail & UPS**

American Arbitration Association
120 Broadway, 21st Floor
New York, NY 10271

Re:  **Demand for Arbitration Between New York University & Local One Security Officers Union**

Dear Sir or Madam:

      This firm represents New York University ("NYU"). We submit this demand for arbitration against Local One Security Officers Union (the "Union") in accordance with the Grievance Procedure set forth in Article 6 of the collective bargaining agreement entered into by and between NYU and the Union (the "CBA"). A copy of the relevant section of the CBA, including the arbitration provision contained therein, is attached.

      Pursuant to the CBA, where a grievance between the Union and NYU cannot be resolved through their internal grievance procedure, the matter shall be submitted for final resolution to arbitration before the American Arbitration Association. (CBA, Art. 6.) On February 15, 2019, NYU initiated the Grievance Procedure by serving a written grievance on the Union; this grievance arose from a Union member's deliberate failure to follow the grievance procedures set forth in the CBA, and concomitant filing of a lawsuit against NYU concerning disputes arising under, and directly relating to the terms and conditions set forth in, the CBA. On February 25, 2019, the Union, in further breach of the CBA, declined to engage in grievance proceedings. As such, arbitration is now appropriate under the Grievance Procedure.

      Accordingly, NYU hereby submits this dispute to arbitration. We respectfully request that the parties be provided with a list of potential arbitrators, with qualifications appropriate for hearing a labor dispute. Please be advised that the Union is represented by Andrew Hoffman of Hoffman & Associates, 450 Seventh Avenue, New York, New York 10123, Tel: (212) 679-0400, who is copied on this correspondence.



Please direct all further correspondence regarding this matter to the undersigned. We thank you for your attention in this matter.

Respectfully submitted,

Joseph A. Piesco, Jr.

cc: Andrew Hoffman, Esq. (counsel for the Union)
Sandi Dubin, Esq. (in-house counsel for NYU)

COLLECTIVE BARGAINING AGREEMENT

between

NEW YORK UNIVERSITY

and

LOCAL ONE
SECURITY OFFICERS UNION

July 1, 2012 - June 30, 2018

## TABLE OF CONTENTS

CONTENTS                                                          PAGE NO.

ARTICLE 1   -   RECOGNITION ........................................ 1

ARTICLE 2   -   UNION SECURITY .................................... 2

ARTICLE 3   -   CHECK-OFF ......................................... 3

ARTICLE 4   -   NO STRIKE OR LOCKOUT .............................. 6

ARTICLE 5   -   HOURS OF WORK ..................................... 6

ARTICLE 6   -   GRIEVANCE PROCEDURE ............................... 10

ARTICLE 7   -   HOLIDAYS AND PERSONAL DAY ......................... 13

ARTICLE 8   -   VACATIONS ......................................... 15

ARTICLE 9   -   LEAVE OF ABSENCE .................................. 18

ARTICLE 10  -   SEVERANCE PAY ..................................... 20

ARTICLE 11  -   SICK CALL ......................................... 20

ARTICLE 12  -   SICK LEAVE ........................................ 20

ARTICLE 13  -   LAYOFF AND DISCHARGE .............................. 24

ARTICLE 14  -   WAGES ............................................. 25

ARTICLE 15  -   MANAGEMENT RIGHTS ................................. 29

ARTICLE 16  -   REPLACEMENTS, PROMOTIONS .......................... 31

ARTICLE 17  -   DISCRIMINATION .................................... 31

ARTICLE 18  -   REDUCING FORCE AND RECALL ......................... 32

ARTICLE 19  -   JURY DUTY ......................................... 33

| | | |
|---|---|---|
| ARTICLE 20 – | BEREAVEMENT PAY | 34 |
| ARTICLE 21 – | SUBCONTRACTING | 34 |
| ARTICLE 22 – | JOB OPENINGS | 36 |
| ARTICLE 23 – | DEATH OF EMPLOYEE | 37 |
| ARTICLE 24 – | GOVERNMENT DECREES | 37 |
| ARTICLE 25 – | PROBATIONARY PERIOD | 38 |
| ARTICLE 26 – | PENSION | 39 |
| ARTICLE 26A – | WINDOW SEVERANCE PLAN | 41 |
| ARTICLE 27 – | DISABILITY BENEFITS LAW/ EMPLOYMENT INSURANCE LAW | 42 |
| ARTICLE 28 – | HEALTH, DENTAL, AND LIFE INSURANCE | 43 |
| ARTICLE 29 – | SUBSTANCE ABUSE POLICY | 45 |
| ARTICLE 30 – | COMMUTATION EXPENSE REIMBURSEMENT ACCOUNTS | 45 |
| ARTICLE 31 – | INFORMATION | 45 |
| ARTICLE 32 – | HEALTH AND SAFETY MEETINGS AND REPORTS | 47 |
| ARTICLE 33 – | DOMESTIC PARTNER | 48 |
| ARTICLE 34 – | PUBLIC ACCESS DEFIBRILLATOR PROGRAM | 49 |
| ARTICLE 35 – | EMERGENCY | 49 |
| ARTICLE 36 – | BULLETIN BOARDS | 49 |
| ARTICLE 37 – | DISCIPLINE FOR EXCESSIVE ABSENTEEISM AND TARDINESS | 50 |
| ARTICLE 38 – | SECURITY SPECIALISTS | 50 |
| ARTICLE 39 – | UNION REPRESENTATIVES | 51 |

iv

ARTICLE 40 - PERSONNEL FILES .................................. 53

ARTICLE 41 - STAFF TRAINING ................................... 53

ARTICLE 42 - ENTIRE AGREEMENT ................................. 54

ARTICLE 43 - TERM AND RENEWAL ................................. 55

APPENDIX A (WAGES)............................................. 56

APPENDIX B (SEVERANCE PAY)..................................... 58

APPENDIX C (STATEMENT OF DOMESTIC PARTNERSHIP)................. 60

APPENDIX D (GUIDELINES REGARDING EXCESSIVE LATENESS).......... 64

APPENDIX E (JOB DESCRIPTION OF SECURITY SPECIALISTS).......... 66

APPENDIX F (DUES AUTHORIZATION FORM)........................... 70

APPENDIX G (SIDE AGREEMENTS)................................... 71

APPENDIX H-1 (GROUP HEALTH INSURANCE) ........................ 72

APPENDIX H-2 ................................................. 73

APPENDIX I (STAFF TRAINING COURSES) .......................... 75

SUBSTANCE ABUSE POLICY ....................................... 76

1

Agreement made this __20__ day of __May__, __2013__ by and between New York University (hereinafter referred to as the "Employer") and Local One Security Officers Union (hereinafter referred to as the "Union").

## ARTICLE 1 - RECOGNITION

The Employer hereby recognizes the Union as the exclusive bargaining representative of all full-time, and regular part-time, Security Officers and Security Specialists now employed or who shall be employed during the term of this agreement at its facility, except for those Security Officers employed at the New York University Medical Center pursuant to the certification issued by the National Labor Relations Board on January 31, 1997 in Case No. 2-RC-21767. Merchandise Control Assistants working in the NYU bookstores are not covered by this collective bargaining agreement.

Wherever by chance masculine gender pronouns are used throughout this Agreement, they are for convenience only and are meant as well to refer to the feminine gender without distinction.

10

1. The required number of Security Officers on the first platoon (11 p.m. to 7 a.m. shift) shall be assigned six hours of overtime to cover meal periods from 10:30 a.m. to 1 p.m.

2. The required number of Security Officers on the second platoon (7 a.m. to 3 p.m.) shall be assigned five and one half hours of overtime to cover meal periods from 5:30 p.m. to 8:30 p.m.

3. The required number of Security Officers on the third platoon (3 p.m. to 11 p.m. shift) shall be assigned six hours of overtime to cover meal periods from 1:30 a.m to 5 a.m.

When Security Officers are not covering meal periods during these overtime assignments, they will be assigned to perform other usual Security Officer duties.

The Security Officers assigned this overtime will receive an $8.00 meal allowance but will not get an additional meal break. The meal allowance is raised to $12.00 effective July 1, 2013 and $14.00 effective July 1, 2016.

### ARTICLE 6 - GRIEVANCE PROCEDURE

A. In the event of any labor dispute or difference between the Employer and the Union respecting any of its members employed by the Employer or the Employer and the Union as to the



11

meaning, application, or operation of any provision of this Agreement, such dispute or difference shall be processed in accordance with the following procedure.

Step 1. The aggrieved Employee and/or Union representative shall request a meeting with the Employer's representative. The meeting must take place within ten (10) working days of the request. If such meeting does not take place within this time frame or if the Employer does not respond within ten (10) working days of the meeting, the Union may proceed to Step 2.

Step 2. If following Step 1, the grievance has not been satisfactorily resolved, the Employee and/or Union official shall meet with the Director of Labor Relations, or his representative, within ten (10) working days following the referral of the grievance to Step 2. The Employer may initiate grievances at Step 2. A response at Step 2 must be made within ten (10) working days.

Step 3. If either party is not satisfied with the response to Step 2, it may proceed to Arbitration. The parties shall request arbitration by giving notice to that effect to the American Arbitration Association with a copy to the other party. The grievance may be taken to arbitration within thirty (30) days of the receipt of the Step 2 response. This time limit is of the essence.

B. The Union and the Director of Labor Relations shall attempt to choose the Arbitrator within five (5) days of a request to arbitrate. If they fail to designate an Arbitrator within the designated time period, the selection shall be made in accordance with the Voluntary Labor Arbitration Rules of the American Arbitration Association.

12

C. The Arbitrator's award shall be made within thirty (30) days after the hearing closes unless by mutual consent, the time of the hearing and the decision are extended. If a party defaults in appearing before the Arbitrator after due written notice, the award may be rendered upon the testimony of the other party.

D. Any grievance shall be presented to the Employer in writing within thirty (30) calendar days of its occurrence. Grievants attending grievance hearings and arbitrations shall be paid their regular scheduled hours during such attendance.

E. No more than one adjournment shall be granted by the Arbitrator without the consent of the opposing party. The party requesting an adjournment shall pay any late notice payments due the arbitrator.

F. In the event that the Union appears at an arbitration without the grievant, the Arbitrator shall conduct the hearing, provided it is not adjourned. The Arbitrator shall decide the case based upon the evidence adduced at the hearing.

13

G. All grievances or requests for documents are brought or requested by the Union alone and must be submitted in writing by the Union President or his/her designee.

H. Arbitration expenses shall be borne equally by the parties, except as provided for in paragraph E.

## ARTICLE 7 - HOLIDAYS AND PERSONAL DAY

A. The following shall be paid holidays.

| | |
|---|---|
| New Year's Day | Thanksgiving Day |
| Martin Luther King Jr.'s Birthday | Day after Thanksgiving |
| Presidents Day | Day before Christmas* |
| Memorial Day | Christmas Day |
| Independence Day | Day after Christmas |
| Labor Day | Day before New Year's Day* |

\* If the University is open on either of these days, the Employer may substitute another day falling between Christmas and New Year's Day.

B. Employees working on any such holiday shall be paid a day's pay for said holiday and in addition shall be paid one additional day's pay at the rate of time-and-one-half.

C. Employees entitled to vote, but required to work on Election Day, shall be permitted time off to vote in accordance

55

## ARTICLE 43 – TERM AND RENEWAL

This Agreement shall be effective as of July 1, 2012 unless otherwise provided herein and shall expire June 30, 2018. Sixty (60) days prior to the expiration of this Agreement, the parties shall commence negotiations for an Agreement to become effective July 1, 2018.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals this 20 day of MAY, 2013.

NEW YORK UNIVERSITY

By: _____
Alison Leary
Executive Vice President

By: _____
Terrance J. Nolan
Director of Labor Relations

LOCAL ONE SECURITY OFFICERS UNION

By: _____
Michael Pidoto
President